Mr. Marc X. RIVERS (Muhammad)

v.

Lieutenant Mr. William MCCONNELL; Luzerne County Children and Youth Services; Mr. William Cole; Chief Hearing Examiner Robert S. Bitner; Superintendant Marilyn Brooks; CCPM Michael Clark; Commonwealth of Pennsylvania Board of Probation and Parole; Deputy Superintendant Nancy Giroux; Major of the Guard Michael Mahlmeister

Marc X. Rivers, Appellant.

No. 08–2238.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Nov. 14, 2008.

Opinion filed: Dec. 17, 2008.

Marc X. Rivers, Wilkes Barre, PA, for Mr. Marc X. Rivers.

Calvin R. Koons, Esq., Office of Attorney General of Pennsylvania, Harrisburg, PA, Thomas J. Elliott, Esq., Elliott Greenleaf & Siedikowski, Blue Bell, PA, for Appellant.

Before: SLOVITER, FUENTES and JORDAN, Circuit Judges.

## OPINION

PER CURIAM.

Marc X. Rivers appeals the District Court's order granting appellees' motions to dismiss his complaint. The procedural history of this case and the details of Rivers's claims are well known to the parties, set forth in the District Court's thorough opinion, and need not be discussed at length. Briefly, in a pleading in a child custody case, Rivers made a death threat against officials of the county agency supervising that case. He alleged that this resulted in, *inter alia,* a false prison misconduct being issued against him, denial of parole, and denials of his rights to free speech, free exercise of religion, and self-representation. Appellees filed motions to dismiss which the Magistrate Judge recommended granting. The District Court adopted the Report and Recommendation and granted appellees' motions to dismiss. Rivers filed a timely notice of appeal.

Because Rivers is proceeding *in forma pauperis* on this appeal, we must analyze his appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), we must dismiss an appeal if the action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary damages from a defendant with immunity. An action or appeal can be frivolous for either legal or factual reasons. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

For essentially the reasons given by the Magistrate Judge in her Report and Recommendation, which was adopted by the District Court, we will dismiss the appeal as frivolous. Rivers has no constitutional right to make or carry out death threats.